IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARCUS JEVON POLIDORE,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY JAIL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 1:24-cv-00091-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

On May 29, 2024, *pro se* Plaintiff Marcus Jevon Polidore (Plaintiff) filed his Complaint against Defendant Salt Lake County Jail (Defendant) (ECF 2, 5). On May 31, 2024, the court granted Plaintiff's request to leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 4). On January 6, 2025, the court issued an Order granting Plaintiff leave to file an amended pleading by February 3, 2025 addressing the failure to adequately plead a plausible claim (Order) (ECF 9). The court warned Plaintiff that failure to comply with the directives in the Order may result in dismissal of this action (*Id.*). To date, Plaintiff has not filed an amended complaint or taken any other action in this matter.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the

Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal. Plaintiff failed to file an amended complaint despite a clear warning from the court that this case could be dismissed for failure to comply. Plaintiff's failure to move this matter along by following the court's directives in amending his pleading interferes with the judicial process. While there is lesser culpability in failing to properly prosecute this matter due to his pro se status, there appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendant having not yet been served. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order the court finds that the circumstances in this case warrant dismissal.

### III.     CONCLUSION AND ORDER

Based on Plaintiff's failure to prosecute this case, the court hereby **DISMISSES** this case without prejudice.

DATED this 29 April 2025.

                                                                                _____
                                                                                Magistrate Judge Cecilia M. Romero
                                                                                United States District Court for the District of Utah